## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEBRASKA

|  |  |
|---|---|
| **GARY ROEBER;** | |
| **Plaintiff,** | **7:26CV5012** |
| **vs.** | |
| | **ORDER TO SHOW CAUSE** |
| **HILTON WORLDWIDE HOLDINGS, INC., d/b/a HAMPTON INN & SUITES; HILTON DOMESTIC OPERATING COMPANY INC., d/b/a HAMPTON INN & SUITES; HILTON FRANCHISE HOLDING, LLC, d/b/a HAMPTON INN & SUITES; 4TH GENERATION DEVELOPMENT INC.; and KEENAN MANAGEMENT, LLC;** | |
| **Defendants.** | |

This matter comes before the Court *sua sponte* after review of the pleadings. The Court has an independent obligation to determine whether subject matter jurisdiction exists in each case. See *Sac & Fox Tribe of the Mississippi in Iowa, Election Bd. v. Bureau of Indian Affs.*, 439 F.3d 832, 836 (8th Cir. 2006). "It is a fundamental precept that federal courts are courts of limited jurisdiction. The limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).

On April 30, 2026, Plaintiff, Gary Roeber, filed this suit against the above-captioned defendants seeking damages from a slip and fall that occurred on the premises of Hampton Inn & Suites hotel in North Platte, Nebraska on May 11, 2023. (Filing No. 1). Plaintiff invokes this Court's diversity jurisdiction under 28 U.S.C. § 1332(a). Diversity jurisdiction is limited to cases in which the "controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" See 28 U.S.C. § 1332(a).

After review, the Court finds Plaintiff has not adequately pled the citizenship of the defendants. Plaintiff's Complaint names two LLCs as defendants: Hilton Franchise Holding, LLC, and Keenan Management, LLC. Plaintiff alleges Hilton Franchise Holding, LLC "is a Delaware corporation that franchises Hilton-branded hotels throughout Nebraska and the world, including the

Hampton Inn." Plaintiff alleges Keenan Management, LLC "is a Nebraska Limited Liability Corporation with its principal place of business located in North Platte, Nebraska."

However, for purposes of diversity jurisdiction, a limited liability company's citizenship is that of its members. See *E3 Biofuels, LLC v. Biothane, LLC*, 781 F.3d 972, 975 (8th Cir. 2015). "When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company. And because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009); see also *Haas as Tr. of Bira Rabushka Living Tr. v. Rabushka*, No. 4:23-CV-1304 RLW, 2023 WL 6879663, at *1 (E.D. Mo. Oct. 18, 2023) ("[F]or LLCs, the Court must examine the citizenship of each member of the LLC to determine whether it has diversity jurisdiction."). And, if any members of the LLC "are themselves LLCs, partnerships, or limited partnerships, information concerning their underlying members or partners must be alleged in accordance with the rules applicable to each such type of entity, through however many layers of ownership there may be," until either individuals or corporations are identified as the owner(s). *OHM Hotel Grp., LLC v. Dewberry Consultants, LLC*, No. 4:15-CV-1541 CAS, 2015 WL 5920663, at *1 (E.D. Mo. Oct. 9, 2015). Here, Plaintiff has not identified the members of Hilton Franchise Holding, LLC, and Keenan Management, LLC, nor the citizenship of those members. As such, Plaintiff must file an amended complaint properly alleging the citizenship of the defendant LLCs.

Plaintiff also only alleges that the defendants, Hilton Worldwide Holding, Inc., and Hilton Domestic Operating Company Inc., are Delaware corporations that conduct business throughout Nebraska. However, a corporation is deemed a citizen of every state in which it is incorporated *and* the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1); see also *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). So, although Plaintiff has alleged these defendants are Delaware corporations, Plaintiff has not identified these defendants' principal place(s) of business necessary to properly allege their citizenship. See, e.g., *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) (explaining that it is "inadequate to establish diversity" without stating "a corporate party's state of incorporation and its principal place of business").

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653 (2012). Accordingly, the Court will grant Plaintiff leave to file an

amended complaint that cures the deficiencies above to assure this Court it has subject-matter jurisdiction.

**IT IS ORDERED:** Plaintiff shall filed an amended complaint to properly allege this Court's  subject matter jurisdiction on or before **June 2, 2026**.  Failure to do so may result in dismissal of this action without further notice.

Dated this 5th day of May, 2026.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge