IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GARY ROEBER,<br><br>Plaintiff,<br><br>vs.<br><br>HILTON WORLDWIDE HOLDINGS, INC., et al.,<br><br>Defendants. | 7:26-CV-5012<br><br>MEMORANDUM AND ORDER |

The plaintiff, Gary Roeber, is suing the defendants for injuries he suffered in a slip and fall accident at the Hampton Inn & Suites in North Platte. Filing 12. Defendants Hilton Worldwide Holdings Inc., Hilton Domestic Operating Company Inc., and Hilton Franchise Holding LLC (collectively, the Hilton defendants) move to dismiss the negligence claim against them pursuant to Fed. R. Civ. P. 12(b)(2) & (6) for lack of personal jurisdiction and for failure to state a claim upon which relief could be granted. Filing 26. The Court will grant the Hilton defendants' motion in part and deny it in part.

## BACKGROUND

After the plaintiff's first action was dismissed in another district,[1] the plaintiff filed suit in this district against the Hilton defendants, 4th Generation, and Keenan Management. Filing 12 at 2-3. Hilton Worldwide has its principal place of business in Virginia and is incorporated in Delaware.

---

[1] *See generally Roeber v. Hilton Worldwide Holdings, Inc.*, 836 F. Supp. 3d 848 (N.D. Ill. 2026).

Filing 12 at 2. Collectively, the Hilton defendants own the "Hampton Inn" brand that they franchise as Hilton-branded hotels in Nebraska and elsewhere. Filing 12 at 2-3. 4th Generation has its principal place of business and is incorporated in Nebraska, where it owns the North Platte Hampton Inn through a franchise agreement. Filing 12 at 3. Last, Keenan is a limited liability corporation and property manager of the hotel. Filing 12 at 3-4

The plaintiff, while traveling along Interstate 80 through Nebraska, had his wife use the Hilton app to book a room at the Hampton Inn in North Platte. Filing 12 at 9. As a Hilton Honors member since 2009, the plaintiff alleges he has chosen to stay at Hilton hotels, like the Hampton Inn in North Platte, because of the rewards program and uniform offerings. Filing 12 at 7-8.

During the plaintiff's stay, he slipped and fell on an unsecured paver brick along the walkway to the main entrance of the hotel. Filing 12 at 9. His fall caused a fractured hip, hospitalization, and multiple surgeries. Filing 12 at 9. He alleges he sustained "severe and permanent personal injuries, pain, disability, and medical expenses" as a result of the fall at the hotel. Filing 12 at 9. The plaintiff brings this diversity action in negligence against the defendants.

## STANDARD OF REVIEW

When jurisdiction is challenged on a pretrial motion to dismiss, and the Court does not hold an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdiction. *Pangaea, Inc. v. Flying Burrito LLC*, 647 F.3d 741, 745 (8th Cir. 2011); *Miller v. Nippon Carbon Co.*, 528 F.3d 1087, 1090 (8th Cir. 2008). The evidence is viewed in the light most favorable to the plaintiff, and the Court resolves factual conflicts in that party's favor. *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co.*, 646 F.3d 589, 592 (8th Cir. 2011); *Dakota Indus. v. Dakota Sportswear, Inc.*, 946 F.2d 1384, 1387

(8th Cir. 1991).

Nonetheless, if the defendant denies jurisdiction, the plaintiff has the burden to show that personal jurisdiction over the defendant exists when challenged pursuant to Fed. R. Civ. P 12(b)(2). *Wells Dairy, Inc. v. Food Movers Int'l, Inc.*, 607 F.3d 515, 518 (8th Cir. 2010); *Fastpath, Inc. v. Arbela Technologies Corp.*, 760 F.3d 816, 820 (8th Cir. 2014). To survive a motion to dismiss for lack of personal jurisdiction, the plaintiff must make a prima facie showing of personal jurisdiction over the challenging defendant. *Id.* The plaintiff's showing is tested by the pleadings, as well as by affidavits and exhibits supporting, or opposing, the motion. *Id.* Where no hearing is held on the defendant's motion to dismiss, the evidence is viewed in a light most favorable to the plaintiff, and factual conflicts are resolved in the plaintiff's favor. *Id.*

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* While the Court must accept as true all facts pled by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party, *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012), a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. *Iqbal*, 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief will require the reviewing court to draw on its judicial experience and common sense. *Id.* at 679. The facts alleged must raise a reasonable expectation that discovery will reveal evidence to substantiate the necessary

elements of the plaintiff's claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

DISCUSSION

The Hilton defendants challenge the Court's authority to exercise personal jurisdiction based on minimum contacts. Personal jurisdiction can be specific or general. *Fastpath, Inc.*, 760 F.3d at 820. A court obtains general jurisdiction against a defendant who has "continuous and systematic" contacts with the forum state, even if the injuries at issue in the lawsuit did not arise out of the defendant's activities directed at the forum. *Johnson v. Arden*, 614 F.3d 785, 794 (8th Cir. 2010). Specific jurisdiction over a defendant is exercised when a nonresident defendant has purposefully availed itself of the privilege of conducting business in the forum, and the lawsuit arises out of, or is related to, the defendant's contacts with the forum. *Id.*

The question of whether a court has personal jurisdiction over a defendant is a two-part inquiry. The first question is whether this Court's exercise of personal jurisdiction would be proper under Nebraska's long-arm statute. Nebraska's personal jurisdiction statute provides that a court may exercise personal jurisdiction over a person who causes tortious injury by an act or omission in the state. Neb. Rev. Stat. § 25-536(1)(c). Section 25-536 extends jurisdiction over non-resident defendants to the full extent allowed by the Due Process Clause of the United States Constitution. *Yeransian v. Willke Farr & Gallagher LLP*, 942 N.W.2d 226, 233 (Neb. 2020).

The second part of the personal jurisdiction inquiry is constitutional. In a diversity action, due process requires that a non-resident have minimum contacts with the forum state such that maintenance of the lawsuit does not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *see also Dairy Farmers of Am. v. Bassett*

*& Walker Intern., Inc.*, 702 F.3d 472, 477 (8th Cir. 2012). Non-resident defendants must have conducted themselves in such a way that they could reasonably anticipate being haled into court in the forum state. *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980); *Oriental Trading Co., Inc. v. Firetti,* 236 F.3d 938, 943 (8th Cir. 2001). Due process is satisfied where specific jurisdiction over a non-resident is asserted if the defendant has purposefully or intentionally directed its activities at a particular forum, and the litigation results from injuries arising out of, or relating to, those activities. *Burlington Indus., Inc. v. Maples,* 97 F.3d 1100, 1103 (8th Cir. 1996). Jurisdiction is proper where the contacts proximately result from actions by the defendant himself that create a substantial connection with the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

### 1. General Jurisdiction

The Hilton defendants are headquartered in Virginia and incorporated in Delaware, and the plaintiff makes no argument that the Hilton defendants are subject to general personal jurisdiction in this Court. Filing 28 at 4; Filing 46 at 3. The plaintiff alleges specific jurisdiction—that the defendants intentionally engaged in tortious conduct directed at the plaintiff in Nebraska, such that personal jurisdiction of the Hilton defendants is found in this forum. Filing 12 at 2-3. Thus, the plaintiff must make a prima facie showing that specific jurisdiction over the defendant exists.

### 2. Specific Jurisdiction

A court may have specific jurisdiction over a defendant where the plaintiff's claims arise out of or relate to a defendant's particular contacts with a state. *See id.* Specific jurisdiction is satisfied where a defendant intentionally takes "some act" to "purposefully avail" itself of the benefits and protections of

the forum state. *Id.*; *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021). There is no "talismanic" or mechanical formula; whether jurisdiction exists turns on the particular facts of each case, with a focus on the relationship between the defendant, the forum, and the litigation. *Burger King Corp.*, 471 U.S. at 479, 86-87; *Whaley v. Esebag*, 946 F.3d 447, 451 (8th Cir. 2020) (citing *Walden v. Fiore*, 571 U.S. 277, 284 (2014)).

The Eighth Circuit uses a five-factor, totality-of-the-circumstances test to weigh those particular facts. *Kendall Hunt Publishing Co. v. Learning Tree Publishing Corp.*, 74 F.4th 928, 930 (8th Cir. 2023). Courts in this circuit consider: (1) the nature and quality of the defendants' contacts with the state; (2) the quantity of those contacts; (3) the relation of the cause of action to those contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) convenience of the parties. *Id.* The contacts must be more than "random and fortuitous," but need not rise to the level of "continuous and systematic"—the threshold is "somewhere in between." *Wade v. Pottawattamie Cnty*, 100 F.4th 991, 993 (8th Cir. 2024) ; *see also Ford Motor Co.*, 592 U.S. at 359.

(a) Alter Ego

It is well-settled that a parent corporation is not automatically subject to the personal jurisdiction of a state as a result of the mere presence or actions of its wholly owned subsidiary. *Epps v. Stewart Info. Servs. Corp.*, 327 F.3d 642, 649 (8th Cir. 2003). Personal jurisdiction may apply to a non-resident parent corporation if the parent so controlled and dominated the actions of its in-state subsidiary that the subsidiary was an "alter ego" of the parent. *Id.* But here, there are insufficient facts alleged and, ultimately, no argument made by the plaintiff about an "alter ego" between the Hilton defendants and the hotel. Consequently, there is no basis to conclude that the Hilton defendants' control

over the hotel goes beyond the control normally exercised. Therefore, there is no specific jurisdiction on the basis of an "alter ego" theory.

(b) Contract

Specific jurisdiction can be established by showing the nonresident parent corporation had its own contacts with the forum state sufficient to establish personal jurisdiction. *See Anderson v. Dassault*, 361 F.3d 449, 453 (8th Cir. 2004). A defendant's purposeful contacts must proximately result from actions deliberately taken by the defendant to engage in significant activities or create "continuing obligations" between themselves and the residents of the forum to create a "substantial connection" sufficient to exercise specific jurisdiction. *Burger King Corp.*, 471 U.S. at 475-47; *McGee v. International Life Insurance Co.*, 355 U.S. 220, 223 (1957); *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 (1984); *see also Creative Calling Solutions, Inc. v. LF Beauty Ltd.*, 799 F.3d 975, 980 (8th Cir. 2015). A contract may provide part of the basis but alone does not automatically establish sufficient minimum contacts for an out-of-state defendant in the other party's home forum. *Burger King Corp.*, 471 U.S. at 478. Courts must also look to "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing." *Id.* at 479.

The plaintiff relies entirely upon the Hilton defendants' franchise agreement as a contract sufficient to establish minimum contacts. Filing 12 at 8. The plaintiff's claims against the Hilton defendants, however, do not directly arise from the franchise agreement in that the plaintiff does not allege a breach of that agreement. This case is thus distinguishable from *Burger King*, in which specific jurisdiction was established over a franchisee in the franchisor's home state when the claims centered on breaches of the franchise agreements themselves. See *Burger King Corp.*, 471 U.S. at 468–69, 480. Further, the

plaintiff's liability claim is the reverse of the franchise arrangement of *Burger King Corp.*: here, the plaintiff alleges specific jurisdiction over the franchisor in the franchisee's venue. Filing 12 at 10. These are critical distinctions:[2] *Burger King Corp.*'s suit centered upon alleged breaches of the franchise agreement in the franchisor's home venue. 471 U.S. at 464. Here, the plaintiff alleges the franchise agreement gave the Hilton defendants "contractual authority to review, approve and require correction of" the allegedly defective design and construction of the hotel in the franchisee's home venue, in particular, ratification and approval of "the placement of that brick." Filing 46 at 2.

The Hilton defendants aver that Hilton Worldwide is a holding company with no employees, no property in Nebraska, and no control over the day-to-day operations of the hotel. Filing 28 at 14. The same is true for Hilton Domestic Operating Company. Filing 28 at 14. Hilton Franchise Holding, however, is party to franchise agreements for over 6,000 hotels in the U.S., including 63 hotels in Nebraska, like the Hampton Inn in North Platte with 4th Generation Development, Inc. Filing 28 at 7, 15. Consequently, the plaintiff argues the franchise agreement with Hilton Franchise Holding "conferred extensive authority" upon the Hilton defendants, and that all the Hilton defendants had "authority over the construction standards" at the hotel which included the paver bricks outside the hotel where the plaintiff's fall occurred. Filing 46 at 2.

Since only Hilton Franchise Holding is a party to the franchise agreement, the plaintiff has failed to make a prima facie showing of personal

---

[2] *See Morris v. Barkbuster, Inc.*, 923 F.2d 1277, 1282 (8th Cir. 1991) (finding the reliance on *Burger King Corp.* similarly misplaced because the plaintiff's claims against the defendant were not related to the defendant's forum contacts).

jurisdiction over the Hilton Worldwide and Hilton Domestic Operating Company by relying on the contract. Even if Hilton Worldwide and Hilton Domestic Operating Company had authority over the construction standards at the hotel, as alleged, they are not parties to the contract that is the plaintiff's entire basis for specific jurisdiction. The plaintiff does not offer any other contacts with Nebraska by Hilton Worldwide and Hilton Domestic Operating Company. Thus, the inquiry for the Court is whether Hilton Franchise Holding has purposefully availed itself of the privilege of conducting business in Nebraska, by means of its minimum contacts, and whether the plaintiff's lawsuit arises out of, or is related to, the defendant's contacts here.

The Hilton defendants point to two other cases where courts have dismissed claims against Hilton Franchise Holding for lack of specific jurisdiction because the franchise agreements did not create the minimum contacts required by due process. Filing 28 at 7. The first case, *Lane v. Baywood Hotels, Inc.*, was a disability-discrimination claim involving a service dog at a New Orleans Hampton Inn by Hilton. No. 25-103, 2025 WL 2419727, at *1 (E.D. LA. Aug. 21, 2025). The second case, *Hilton Franchise Holding LLC v. Peguero*, concerned the death of construction worker while building a hotel in Texas. No. 02-24-222, 2024 WL 4899032, at *9 (Tex. App. Nov. 27, 2024). In both cases, the franchise agreement alone was insufficient for jurisdiction as the claims did not arise out of the agreement.

Here, as previously mentioned, the claim does not directly arise out of the agreement but relates to the allegations by the plaintiff that a defective brick paver caused his injuries. Filing 46 at 8. Consequently, the franchise agreement is alleged to be the basis for the negligence claim because of Hilton Franchise Holding's ultimate authority over the design and construction of the hotel detailed in the franchise agreement. Filing 46 at 9. Reviewing whether

the totality of the circumstances establishes specific jurisdiction over Hilton Franchise Holding, the Court uses the five factors outlined by the Eighth Circuit. *Kendall Hunt*, 74 F.4th at 930.

First, the nature and quality of Hilton Franchise Holding's contacts with Nebraska are outlined in the franchise agreement. Under the franchise agreement, the franchisee hotel has a variety of ongoing obligations owed to Hilton Franchise Holding, including payment of a monthly program fee. Filing 12 at 8. Hilton Franchise Holding avers that it does not operate the Hilton Honors Program, hold title to any real property in Nebraska, or own and operate the hotel in North Platte. Filing 28 at 15. But the franchise agreement outlines Hilton Franchise Holding's support of franchisee hotels, including design, construction, and renovation guidelines and standards, and the franchise agreement specifically requires Hilton Franchise Holding approval for the plans and design of the hotel. Filing 12 at 7-9. There are other requirements in the franchise agreement, like participation in a quality assurance program with periodic inspections, guest satisfaction surveys, and audits to ensure compliance that are further contacts, creating ongoing ties to the forum. Filing 12 at 8. Collectively, the nature and quality of Hilton Franchise Holding's contacts, through the franchise agreement as a contract with continuing ties to the forum, support a finding of jurisdiction.

Second, the quantity of those contacts is singular, the one franchise agreement. However, the terms of the franchise agreement and its contemplated future consequences are such that Hilton Franchise Holding purposefully availed itself of the privilege of conducting activities within Nebraska. Specifically relevant here, Hilton Franchise Holding is alleged to maintain control over how the franchisee could operate and the authority over design and construction of the hotel. *See Ford Motor Co.*, 592 U.S. at 359.

Third, the relation of the cause of action to Hilton Franchise Holding's contacts supports a finding of jurisdiction. The design and construction of the defective brick paver is core to the negligence claims against the defendants. Reviewing the plaintiff's allegations in his favor as the non-moving party, the design and construction of the hotel—including the defective paver brick he slipped on—was controlled by the extensive franchise agreement. Filing 46 at 4. Thus, the third factor ultimately supports the exercise of jurisdiction.

Fourth, the interest of the forum state in providing a forum for its residents supports a finding of jurisdiction, as the alleged events and defective brick paver occurred in Nebraska. Although the "fourth and fifth factors carry less weight[,]" given the other defendants are Nebraska businesses and the hotel at issue is in North Platte, the fourth factor supports the exercise of jurisdiction. *Bros. & Sisters in Christ, LLC v. Zazzle, Inc.*, 42 F.4th 948, 952 (8th Cir. 2022). And finally, the fifth factor, the convenience of the parties, supports a finding of jurisdiction. As the plaintiff has already attempted to bring this claim in a different jurisdiction, the Court presumes that the plaintiff brought this action in a Nebraska court because it is convenient to him. Hilton Franchise Holding does not offer any evidence bearing on the question of convenience to the contrary.

All factors favor the exercise of personal jurisdiction over Hilton Franchise Holding for the negligence claims brought by the plaintiff. Consequently, the plaintiff has made a prima facie showing that Hilton Franchise Holding's contacts were purposeful and voluntary to create an ongoing franchise relationship with the hotel. Hilton Franchise Holding has not made a compelling case that jurisdiction would be unreasonable, so exercising specific jurisdiction over Hilton Franchise Holding does not offend traditional notions of fair play and substantial justice. *See Int'l Shoe Co.*, 326

U.S. at 316; *Burger King Corp.*, 471 U.S. at 477. Hilton Franchise Holding purposefully availed itself of Nebraska as a party to the franchise agreement, and the plaintiff's claim adequately relates to the franchise agreement to support exercise of specific jurisdiction by the Court. Nebraska, as the forum state, has a sufficient connection to Hilton Franchise Holding, the litigation, and the negligence claim so as to make it reasonable to require the defendant to defend the action in this state.

### 3. Failure to State a Claim

Lastly, the Hilton defendants move to dismiss Count I of the amended complaint for failure to state a claim upon which relief could be granted pursuant to Fed. R. Civ. P. 12(b)(6). Filing 26. The Court will deny the motion. The plaintiff's complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The plaintiff argues that Hilton Franchise Holding is an "occupier" of the hotel and thus subject to the negligence claim under a premises liability theory. Filing 46 at 9. The Hilton defendants argue they are not a "possessor" of the hotel, pointing to the hotel's deed granting ownership to 4th Generation, and state that the plaintiff has not alleged enough to support his "occupier" thoery. Filing 28 at 8-9, 18. Further, the Hilton defendants aver the accepted work doctrine precludes any negligent design or construction claims, but this defense was not raised until the reply brief. Filing 47 at 3. Pursuant to the Court's local rules, the Court does not consider this new ground for relief. NECivR 7.1(c)(2).

Accepting as true all facts pled by the plaintiff and granting all reasonable inferences from the pleadings in favor of him as the non-moving party, the plaintiff has sufficiently pled that Hilton Franchise Holding has

responsibility for the construction and maintenance of the hotel, thus exerts control over the hotel as an "occupier." Filing 12 at 10; filing 46 at 9-10. While the Hilton defendant's argument is not well developed, they seem to be arguing they did not have sufficient knowledge for a premises liability claim. Filing 28 at 10. But the plaintiff's claim about the alleged defective brick paver on the hotel walkway is sufficient at this point to state a viable claim for relief. Filing 46 at 11-12. The plaintiff has sufficiently alleged that Hilton Franchise Holding is an "occupier" of the hotel based on their claims regarding the franchise agreement and the control it exerts over the hotel's design and construction to state such a premises liability claim. Filing 46 at 9-11. The facts alleged by the plaintiff raise a reasonable expectation that discovery will reveal evidence to substantiate the necessary elements of the plaintiff's claim. Consequently, the Hilton defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is denied. Filing 26.

## CONCLUSION

For the reasons stated above, the Court will grant the Hilton defendants' motion to dismiss in part and deny it in part. Accordingly,

IT IS ORDERED:

1. The defendants' motion to dismiss (filing 26) is granted in part and denied in part.

2. The plaintiff's claims against defendants Hilton Worldwide Holdings and Hilton Domestic Operating Company are dismissed, and they are terminated as parties. Hilton Franchise Holding will remain as party defendant.

3. This matter is referred to the Magistrate Judge for case progression.

Dated this 5th day of November, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge